**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ, | CASE NO. 1:12-cv-01079-AWI-SMS |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM,  WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| ALLIED INTERSTATE and RESURGENT CAPITAL SERVICES L.P.; | |
| Defendants. | (Doc. 1) |

**SCREENING ORDER**

Plaintiff David Chavez, proceeding *pro se*, filed a complaint against Defendants alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (the "Act").  This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.      Screening**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss any claim that (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted. or (3) seeks monetary relief against a defendant who is immune from such relief.  Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona*.

## II. Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555. In this case, the allegations set forth in paragraphs 27 through 29 of the complaint are legal conclusions.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## III. Procedural and Factual Background

### A. Allied Interstate's Collection Efforts

Plaintiff alleges that he never applied for an account, had an account, or had any other agreement with Defendant Allied Interstate. Nonetheless, on February 14, 2012, he received a dunning letter dated February 7, 2012, from Allied, which had purchased Plaintiff's obligation from another individual or entity, claiming that Plaintiff owed $1166.47. On February 17, 2012, Plaintiff responded by mailing to Allied, by certified mail, a "debt validation letter." The return receipt revealed that the letter was delivered to Allied's office on February 21, 2012.

On May 24, 2012, Plaintiff sent a letter to Allied, by certified mail, stating his intent to sue. According to the return receipt, Allied received Plaintiff's intent-to-sue letter on May 29, 2012.

### B.  Resurgent Capital's Collection Efforts

Plaintiff also alleges that he has never applied for an account, had an account, or had any other agreement with Defendant Resurgent Capital Services, L.P. Plaintiff alleges that, on March 6, 2012, he received a dunning letter from Resurgent dated February 28, 2012, claiming that Plaintiff owed $1170.51. On March 12, 2012, he received a dunning letter from Resurgent dated March 5, 2012, claiming that Plaintiff owed $1171.02. On March 19, 2012, Plaintiff responded by mailing to Allied, by certified mail, two "debt validation letters." The return receipts revealed that both letters were delivered to Resurgent's office on March 22, 2012.

On May 22, 2012, Plaintiff received a dunning letter from Resurgent dated May 17, 2012, claiming that Plaintiff owed $1180.58.[1] On May 24, 2012, Plaintiff sent a letter to Resurgent, by certified mail, stating his intent to sue.

On May 26, 2012, Plaintiff received a dunning letter from Resurgent dated May 21, 2012, claiming that Plaintiff owed $1181.09.[2]

According to the return receipts, Resurgent received Plaintiff's intent to sue letter on May 29, 2012.

On May 30, 2012, Plaintiff received a dunning letter from Resurgent dated May 23, 2012, claiming that Plaintiff owed $1181.35.[3]

---

[1] The complaint actually alleges that the dunning letter showing the amount of $1180.58 was dated *March 22, 2012*. Context suggests that Plaintiff intends to refer to the *May 22, 2012* letter since the complaint does not allege a dunning letter dated March 22, 2012. In the event that Plaintiff elects to amend his complaint, as this order permits him to do, this allegation should be corrected or otherwise clarified.

[2] The complaint actually alleges that the dunning letter showing the amount of $1181.09 was dated *March 22, 2012*. Context suggests that Plaintiff intends to refer to the *May 26, 2012* letter since the complaint does not allege a dunning letter dated March 22, 2012. In the event that Plaintiff elects to amend his complaint, as this order permits him to do, this allegation should be corrected or otherwise clarified.

[3] The complaint actually alleges that the dunning letter showing the amount of $1181.35 was dated *March 22, 2012*. Context suggests that Plaintiff intends to refer to the *May 23, 2012* letter since the complaint does not allege a dunning letter dated March 22, 2012. In the event that Plaintiff elects to amend his complaint, as this order permits him to do, this allegation should be corrected or otherwise clarified.

IV. **Discussion**

    A.    **Joinder of Parties**

Multiple defendants may be joined in a single action if :

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

F.R.Civ.P. 20(a)(2).

Although the amounts to be collected are substantially the same, as the complaint is presently written, it expresses no basis for joining the two Defendants to this action. If both Defendants' collection efforts relate to a single obligation or if the causes of action somehow implicate both Defendants, the amended complaint must be amended to allege sufficient facts to support such a conclusion. If the actions of the two Defendants relate to separate collection efforts, as appears from the complaint as it is presently written, Plaintiff must omit one Defendant from the amended complaint and initiate a separate lawsuit against that Defendant.

    B.    **Definitions**

The Act's application to collection activities depends on the circumstances of the activity being within the definitions of the terminology used within the Act. The complaint fails to allege facts sufficient to establish that the activity that is the subject of the complaint actually falls within the Act.

        1.    **Debt**

The Act applies to a collection transaction only if the obligation meets the statutory definition of a debt:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C § 1692a (5).

The complaint includes no allegations regarding the nature of the sums that the Defendants sought to collect, nor does it allege that either Defendant failed to disclose the information

4

1  required by 15 U.S.C § 1692g (A).  To state a cognizable claim under the Act, the obligation that
2  each Defendant sought to collect must meet the Act's definition of  "debt."  The amended
3  complaint must allege facts sufficient to establish all elements of "debt," as defined in the Act:
4  (1) a consumer's (2) obligation (3) to pay money (4) arising out of a transaction (5) in which the
5  money, property, insurance, or services which are the subject of the transaction are primarily for
6  personal, family, or household purposes.

**2.   Consumer**

Under the Act, a consumer is a natural person obligated or allegedly obligated to pay a debt.  15 U.S.C § 1692a (3).  The complaint must allege facts sufficient to establish that Plaintiff is a consumer under the Act.

**3.   Creditor**

The complaint does not identify any creditors or even address the question of creditors in the underlying transactions.  "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C § 1692a (4).  For the amended complaint to state a claim under the Act, it must include allegations identifying the creditors who extended the underlying debts.

**4.   Debt Collector**

In paragraph 28, the complaint alleges the legal conclusion that both Defendants are debt collectors.  Under the Act, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another."  15 U.S.C § 1692a(6).  The complaint does not allege facts sufficient to establish all the elements necessary to render either Defendant a debt collector: (1) that the person uses the mails or an instrumentality of interstate commerce; (2) that the principal purpose of the person's business is the collection of debts or that the person regularly collects or attempts to collect debts; and (3) that the debts are owed or asserted to be owed to a third-party

5

1  creditor.  In fact, the complaint alleges that Allied has purchased Plaintiff's obligation to another
2  creditor and seeks to collect on its own account, not on behalf of a third party.
3        In addition, the Court directs Plaintiff's attention to 15 U.S.C § 1692a (6) (A)-(F), which
4  set forth exceptions to the definition of debt collector.  Because of the complaint's vague
5  allegations, the Court is not able to evaluate whether any of the listed exceptions apply here.

6      **C.**    **15 U.S.C. § 1692f (1)**

7        In paragraph 29(a) of the complaint, Plaintiff alleges that both Defendants willfully
8  violated 15 U.S.C § 1692f(1) by attempting to collect a debt not authorized by an agreement.  In
9  each case, Plaintiff relies on his allegation that he had not authorized a debt to either Defendant
10  by an agreement with it.  Plaintiff misreads the statute, which prohibits "[t]he collection of any
11  amount (including interest, fee, charge, or expense incidental to the principal obligation) unless
12  such amount is expressly authorized by *the agreement creating the debt or permitted by law*."  15
13  U.S.C § 1692f (1) (*emphasis added*).  That a debtor does not have had a contract or other
14  agreement with a debt collector is obvious.  The purpose of this subsection is to prohibit
15  collection of an amount that is more than sum of the principal amount of the debt plus any
16  interest, collection costs, or fees for which the original agreement provided.

17        The Act does not preclude a person or entity from collecting from a consumer a debt that
18  the consumer owes to a third-party creditor.  As noted above, the Act defines a "debt collector"
19  as "any person who uses any instrumentality of interstate commerce or the mails in any business
20  the principal purpose of which is the collection of any debts, or who regularly collects or
21  attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another."  15
22  U.S.C § 1692a (6).  By definition, then, a creditor is not collecting a debt pursuant to its contract
23  or agreement with a debtor, but pursuant to the debtor's contract or agreement with someone
24  else.

25        Although it is possible that Plaintiff intended to allege that the obligations that the
26  Defendants sought to collect exceeded the amount of Plaintiff's contract or agreement with the
27  original creditor, the complaint does not so allege.  As it is written, paragraph 29(a) of the
28  complaint does not state a cognizable claim.

**D.     15 U.S.C § 1692b(2)**

Plaintiff contends that by stating that he owed a debt, each Defendant violated 15 U.S.C § 1692b(2). That subsection does not prohibit a debt collector from stating that a consumer owes a debt; it prohibits a debt collector's communicating with a third party for the purpose of securing location information about a debtor from disclosing to the third party that the consumer owes a debt. 15 U.S.C § 1692b(2). "Location information" "means a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C § 1692a (7). To the extent that Plaintiff alleges that each Defendant violated the statute simply by telling Plaintiff that he owed a debt, the claim is not cognizable. To the extent that Plaintiff intended to allege that each Defendant disclosed Plaintiff's debtor status to a third party, the amended complaint must allege facts supporting that allegation.

**E.     15 U.S.C § 1692g(b)**

In paragraph 29(c), the complaint alleges the legal conclusion that both Defendants violated the Act by failing to cease collection activities until the debt was validated.

The procedure for validating a claimed debt is set forth in 15 U.S.C § 1692g. Subsection (a) provides that in its initial communication with a consumer or within five days of the initial communication with a consumer, a debt collector must provide information to the consumer of the amount of the debt, the name of the creditor to whom the debt is owed, a statement that the debt will be assumed valid unless the consumer disputes the debt within thirty-days of receiving the initial communication. 15 U.S.C § 1692g (a). No validation is required if the communication is a form or notice that does not relate to the collection of a debt. 15 U.S.C § 1692g (e). The complaint does not contend that either Defendant failed to provide the required disclosure, nor does it provide any information about the obligation that each Defendant tried to collect, including the information that each Defendant was required to provide to Plaintiff as part of its initial communication.

The complaint's recitation of facts refers repeatedly to Plaintiff's "debt validation letters." The Court is uncertain regarding what Plaintiff intends this term to mean. Subsection (b) sets forth the procedure by which a consumer may dispute a debt and provides for cessation of debt

7

collection activities until requested information or a dispute regarding the amount of the debt is resolved:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, is mailed to the consumer by the by the debt collector.  Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C § 1692g (b).

To state a claim under this section, the amended complaint must fully allege facts sufficient to establish that Plaintiff provided notice of a disputed debt, or requested the copy of the original judgment or the identity of the original creditor.  It must also specifically allege each Defendant's actions that violated the stay of collection activities pending resolution of the disputed or provision of the requested information.  As the complaint is presently written, understanding what Plaintiff requested and how each Defendant responded is impossible.

In addition, according to the facts alleged, Allied took no actions following receipt of Plaintiff's "debt validation letter."  If these allegations are correct, Allied could not have violated 15 U.S.C § 1692g (b).

### F.     15 U.S.C § 1692e (2)

In paragraph 29(d), Plaintiff alleges that both Defendants willfully violated 15 U.S.C § 1692e (2)(A) by misrepresenting the character, amount, and legal status of the debt.  That subsection of the Act prohibits a debt collector from using any false, deceptive, or misleading representation or means in collecting a debt, including the false representation of the character, amount, or legal status of any debt.  15 U.S.C § 1692e (2)(A).  The complaint includes no factual allegations that either Defendant falsely represented the character, amount, or legal status of a debt.

8

### G. 15 U.S.C § 1692e (10)

In paragraph 29(e), Plaintiff alleges that both Defendants willfully violated 15 U.S.C § 1692e (10) by falsely representing or using deceptive means to collect a debt. That subsection of the Act prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. 15 U.S.C § 1692e (10). The complaint includes no factual allegations that either Defendant falsely represented or used deceptive means to collect a debt.

### H. 15 U.S.C § 1692b(3)

Plaintiff contends that by contacting Plaintiff more than once, each Defendant violated 15 U.S.C § 1692b(3). That subsection does not prohibit a debt collector from contacting a consumer more than once; it regulates a debt collector's subsequent communication with a third party for the purpose of securing location information about a debtor from disclosing to the third party that the consumer owes a debt. 15 U.S.C § 1692b(3). The complaint does not state a cognizable claim for violation of 15 U.S.C § 1692b(3).

### I. Exhibits to Complaint

The Court is not a repository for the parties' evidence. Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request). During the screening process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima facie claim for relief. Submission of evidence is premature. Accordingly, a plaintiff is well advised to state fully the facts supporting his claims against the defendants and to refrain from attaching exhibits.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations. Submitting exhibits to support the complaint's allegations is generally unnecessary. When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference. Fed. R. Civ. Proc. 10(c). Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

### V. **F.R.Civ.P. 11**

Plaintiff is advised to review carefully the provisions of F.R.Civ.P. 11, which provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; and
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

F.R.Civ.P. 11(b).

Applicable sanctions for making misrepresentations to the Court are set forth in F.R.Civ.P. 11(c).

This is the fourth action in recent months that Plaintiff has filed against creditors under the Fair Debt Collections Act, the Fair Credit Report Act, or both.[4]  Plaintiff continues to ignore applicable pleading standards and the substantive provisions of both acts despite repeated explanations, instructions, and warning in the Court's screening memos.  In two cases, he voluntarily dismissed the complaint rather than amending it.  This developing pattern suggests that Plaintiff may be misusing court process as a means of delaying or harassing his creditors.

Plaintiff is cautioned that misuse of court resources may result in sanctions against him.  To the extent that Plaintiff is proceeding in good faith, the Court encourages him to secure knowledgeable legal assistance in pursuing his claims.

### VI. **Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies

---

[4] Plaintiff's other cases in the Eastern District of California (Fresno) include:  *Chavez v. Premier Bankcard, L.L.C.* (1:11-cv-01101-LJO-GSA); *Chavez v. Financial Credit Network, Inc.* (1:12-cv-00533-AWI-SMS); *Chavez v. Access Capital Services, Inc.* (1:12-cv-00344-AWI-DLB).

identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must set forth factual allegations supporting each of Plaintiff's claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).

Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 9, 2012**                         /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE