IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ,<br><br>               Plaintiff,<br>   v.<br>ALLIED INTERSTATE,<br>RESURGENT CAPITAL SERVICES,<br>L.P.,<br><br>               Defendants. | 1:12-cv-1079 AWI SMS<br><br>ORDER DISMISSING ACTION WITH PREJUDICE OF PLAINTIFF'S FOR LACK OF PROSECUTION |

## BACKGROUND

In this action, Plaintiff David Chavez filed a complaint for violations of the Fair Debt Collections Practices Ace, 15 U.S.C. § 1962. On July 5, 2012, Magistrate Judge Sandra M. Snyder dismissed the complaint for failure to state a claim, and directed Plaintiff to file an amended complaint within thirty days. No complaint was ever filed. The court concluded its order by stating: "If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim." Six months passed, Plaintiff did not file an amended complaint, and Plaintiff did not otherwise contact the court.

On February 1, 2013, the Clerk of the Court issued a minute order finding that because of the lack of activity in this action, the action was being placed on the court's calendar for dismissal for lack of prosecution on March 4, 2013 at 1:30. The minute order further held that

any opposition to dismissal shall be filed by February 20, 2013.

Plaintiff has not filed any opposition to the court's minute order.

The case was called on March 4, 2013, at 1:42 p.m. Neither Plaintiff nor any individual appearing on Plaintiff's behalf appeared.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The court finds that dismissal of Plaintiffs' action for failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since July 3, 2012 and Plaintiff has failed to file an amended complaint as ordered by the court. No discovery has taken place in this action, and Defendants have never made an appearance. The court cannot manage its docket if it maintains cases in which parties fail to litigate their cases. The public's interest in the

expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. The court cannot continue to expend its scare resources assisting litigants who fail to both file amended complaints and inform the court regarding their cases' status. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642; Yourish 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. Pagtalunan, 291 F.3d at 642. Given the length of time this action has been pending and the fact it appears that Defendants have never been served, any risk of prejudice to Defendants also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings, there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scare resources. Factors that indicate whether a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic sanctions; (2) Implementing alternative methods of sanctioning before ordering dismissal; and (3) Warning to the plaintiff of the possibility of dismissal before actually ordering dismissal. In re PPA, 460 F.3d at 1228-29. In this action, Plaintiff was warned that dismissal with prejudice would be entered if he failed to file an amended complaint. The availability of less drastic sanctions has been considered, but given Plaintiff failed to file an amended complaint and has not contacted the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal. Pagtalunan, 291 F.3d at 643. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits. Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a

case toward disposition on the merits but whose conduct impedes progress in that direction."
In re PPA, 460 F.3d at 1228.   Th court finds this factor has little weight in an action such as this one where the Plaintiff has been unable or unwilling to proceed.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED with prejudice based on Plaintiff's failure to prosecute; and

2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   March 4, 2013                              _____
                                                                        SENIOR  DISTRICT  JUDGE

4